# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.: 21-14169-AJC |
| MICHAEL PETRUSHA and TRACEY PETRUSHA, | Chapter 7 |
| Debtors./ | |

## TRUSTEE'S MOTION TO COMPEL TURNOVER OF NON-EXEMPT ASSETS

Soneet R. Kapila, the Chapter 7 Trustee (the "Trustee") for the estate of Michael Petrusha and Tracey Petrusha (the "Debtors"), through counsel and pursuant to 11 U.S.C. §§ 541 and 542, files his Motion to Compel Turnover of Non-Exempt Assets. In support of this motion (the "Motion"), the Trustee states:

1. The Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on April 30, 2021 (the "Petition Date").

2. The Trustee conducted the Section 341 Meeting of Creditors (the "341 Meeting") on June 2, 2021.

3. Debtors' Official Form 106I, discloses that the Debtors are both active real estate agents. *See* ECF No. 12.

4. The Debtors did not schedule any pending contracts for the sale of real estate ("Contracts") on their Official Form 106A/B. *See* ECF No. 12.

5. However, during the 341 Meeting, the Trustee inquired whether the Debtors procured contracts in which they were serving as listing agent, cooperating agent, or buyer's agent. The Debtors advised that they did in fact procure Contracts that remained pending as of the Petition Date.

1

6. The Debtors subsequently disclosed to the Trustee that they were serving as agent for both the buyer and seller in three Contracts. Each of these three Contracts were fully-executed by the buyers and sellers prior the Petition Date.

7. Pursuant to Florida law and the terms of the fully executed Contracts, the Debtors were entitled to real estate commissions.

8. The Trustee asserts that the real estate commissions are property of the Estate and subject to administration.

### Pre-Petition Exclusive Listing Agreements and Commissions

**A. The Overseas Properties**

9. Upon information and belief, on or about March 27, 2020, Conch Key Holdings Inc. ("Conch Holdings") and Conch Key Watersports Inc ("Conch Watersports") entered into an Exclusive Right of Sale Listing Agreement with the Debtors and LoKation Real Estate (the "Overseas Listing Agreement") which provided LoKation Real Estate[1] and the Debtors the exclusive right to sell real properties located at 62400 Overseas Highway, Conch Key, Florida 33050 (the "Holdings Property")[2] and 62250 Overseas Highway, Conch Key, Florida 33050 (the "Watersports Property")[3] (collectively, the "Overseas Properties"). A true and correct copy of the Overseas Listing Agreement is attached hereto as **Exhibit A.**

10. The Overseas Listing Agreement, provides, among other things, that the Debtors would be the authorized sales associates, that the Overseas Properties would be listed for sale at $9,500,000.00, that "Seller[s] will compensate broker as specified below **for procuring a buyer**

---

[1] Pursuant to LoKation Real Estate's website, Lokation Real Estate is an independent brokerage firm that provides **100% of its commissions to go directly to their real estate agents and there would be no split of commissions with the LoKation Real Estate**. *See* www.floridalokation.com.
[2] According to public records, Conch Holdings owns the Holdings Property. According to the Florida Department of State, Division of Corporations, Thomas Cirrito is listed as registered agent and president of Conch Holdings.
[3] According to public records, Conch Watersports owns the Watersports Property. According to the Florida Department of State, Division of Corporations, Thomas Cirrito is listed as registered agent and president of Conch Watersports.

**who is ready, willing, and able to purchase** the Seller[s] or any interest in the Seller[s] on the terms of this [Overseas Listing Agreement] or on any other terms acceptable to Seller[s]", and that the Seller[s] will pay the Debtors 3% of the total purchase price. *See* Exhibit A.

11. Prior to the Petition Date, the Debtors procured a buyer, Michael Oster (the "Watersports Buyer") who was ready, willing, and able to purchase the Watersports Property only.[4] Accordingly, on March 17, 2021, the Watersports Buyer signed an "AS IS" Residential Contract for Sale and Purchase" for the purchase of the Watersports Property for $4,000,000.00 which was counter-signed and fully executed by Thomas Cirrito, the President and registered agent of Conch Watersports, on March 19, 2021 (the "Watersports Contract"). A copy of the Watersports Contract is attached hereto as **Exhibit B**.

12. Upon information and belief, as of the filing of this Motion, the sale of the Watersports Property has not closed. However pursuant to the Watersports Listing Agreement, as the Debtors represented both the buyer and seller in the transaction, the Debtors are entitled to $120,000.00 in commissions.

**B. The Geiger Property**

13. On or about February 21, 2021, Michael J. Casale and Sandy Lou Casale (collectively the "Casales") entered into an Exclusive Right of Sale Listing Agreement with the Debtors and LoKation Real Estate (the "Geiger Listing Agreement") which provided LoKation Real Estate and the Debtors the exclusive right to sell real property located at 503 Geiger Cir., Key Largo, FL 33037 (the "Geiger Property"). A true and correct copy of the Geiger Listing Agreement is attached hereto as **Exhibit C.**

---

[4] The Debtors have indicated that they could not procure a buyer or an executed sale contract for the Holdings Property.

14. The Geiger Listing Agreement, provides, among other things, that the Debtors would be the authorized sales associates, that the Geiger Property would be listed for sale at $1,995,000.00, that the "[Casales] will compensate broker as specified below **for procuring a buyer who is ready, willing, and able to purchase** the [Geiger Property] or any interest in the [Geiger Property] on the terms of this [Geiger Listing Agreement] or on any other terms acceptable to the [Casales]", and that the Casales will pay Broker and buyer's agent each 2% of the total purchase price. *See* Exhibit C.

15. Prior to the Petition Date, the Debtors procured a buyer, Luis E. Centeno and Roxana Rodriguez (collectively, the "Geiger Buyers") who were ready, willing, and able to purchase the Geiger Property. Accordingly, on March 16, 2021, the Geiger Buyers signed an "AS IS" Residential Contract for Sale and Purchase" for the purchase of the Geiger Property for $1,700,000.00 which was counter-signed and fully executed by the Casales on March 17, 2021 (the "Geiger Contract"). A copy of the Geiger Contract is attached hereto as **Exhibit D**.

16. On or about June 14, 2021, the sale of the Geiger Property closed. As the Debtors represented both the buyer and seller in the transaction, the Debtors received a total of $51,000.00 in sales commissions (the "Geiger Commission"). The Geiger Commission is currently being held in trust by Debtors' counsel.

**C. The Poinciana Property**

17. On or about April 22, 2021, Ray A. Jobi and Vicki Jobi (collectively the "Jobis") entered into an Exclusive Right of Sale Listing Agreement with the Debtors and LoKation Real Estate (the "Poinciana Listing Agreement") which provided LoKation Real Estate and the Debtors the exclusive right to sell real property located at 9 Poinciana Dr, Key Largo, FL 33037 (the "Poinciana Property"). A true and correct copy of the Poinciana Listing Agreement is attached hereto as **Exhibit E.**

4

18. The Poinciana Listing Agreement, provides, among other things, that the Debtors would be the authorized sales associates, that the Poinciana Property would be listed for sale at $549,999.00, that the "[Jobis] will compensate broker as specified below **for procuring a buyer who is ready, willing, and able to purchase** the [Poinciana Property] or any interest in the [Poinciana Property] on the terms of this [Poinciana Listing Agreement] or on any other terms acceptable to the [Jobis]", and that the Jobis will pay Broker 4.5% of the total purchase price. *See* Exhibit E.

19. Prior to the Petition Date, the Debtors procured a buyer, Manuel Araguez and Yamilee Quintana Araguez (collectively, the "Poinciana Buyers") who were ready, willing, and able to purchase the Poinciana Property. Accordingly, on April 24, 2021, the Poinciana Buyers signed an "AS IS" Residential Contract for Sale and Purchase" for the purchase of the Poinciana Property for $545,000.00 which was counter-signed by the Jobis on April 25, 2021 (the "Poinciana Contract"). A copy of the Poinciana Contract is attached hereto as **Exhibit F**.

20. On or about June 30, 2021, the sale of the Poinciana Property closed. As the Debtors represented both the buyer and seller in the transaction, the Debtors received a total of $24,525.00 in sales commissions (the "Poinciana Commission"). The Poinciana Commission is currently being held in trust by Debtors' counsel.

### The Debtors' Real Estate Commissions Are Property of the Estate

21. In Florida, real estate agents earn a commission upon procuring a signed real estate contract or a buyer ready, willing, and able to accept the terms and conditions of the seller. *See Wiggins v. Wilson*, 55 Fla. 346 (Fla. 1908); *see also McAllister Hotel Inc. v. Porte*, 98 So. 2d. 781 (Fla. 1957).

22. When agent procures a signed real estate contract before filing bankruptcy then the agent has earned a commission and the right to receive that commission is property of the

5

bankruptcy estate pursuant to 11 U.S.C. § 541. Post-petition payment of the commission is not determinative and has no effect on the status of the commission as property of the estate. *See In re Brandon*, 184 B.R. 157 (Bankr. N.D. Fla. 1995); *see also In re Taylor & Campaigne, Inc.*, 149 B.R. 993 (Bankr. M.D. Fla. 1993).

23. Here, the Debtors were hired before the Petition Date to procure ready and willing buyers pursuant to the various pre-bankruptcy listing agreements. The Debtors procured ready and willing buyers and acquired fully executed sale contracts for the sellers of the Watersports Property, Geiger Property, and the Poinciana Property prior to the Petition Date. As such, pursuant to the Florida law and the respective listing agreements, the Debtors earned their commissions for the Watersports Property, Geiger Property, and the Poinciana Property prior to the Petition Date. Accordingly, as the right to receive the commission was earned by the Debtors before their bankruptcy case, the Poinciana Commission, Geiger Commission, and Watersports Commission are property of the bankruptcy estate pursuant to 11 U.S.C. § 541. Moreover, as the Poinciana Property and Geiger Property closed after the Petition Date, both the Poinciana Commission and Geiger Commission are subject to turnover pursuant to 11 U.S.C. § 542. If and when the Holdings Property is sold the commission is also subject to turnover pursuant to 11 U.S.C. § 542.

24. The Debtors disagree with the Trustee's analysis and refuse to turnover the commissions to the Trustee. The Trustee has been attempting to negotiate a settlement with the Debtors, to no avail. The Debtors have recently filed a motion to dismiss their bankruptcy case. *See* ECF No. 25.

25. The Debtors failure to turn over their non-exempt Poinciana Commission and Geiger Commission to the Trustee is prejudicing the Trustee's administration of this Estate.

26. Accordingly, the Trustee seeks entry of an order (1) finding that the Poinciana Commission, Geiger Commission, and Watersports Commission are property of the bankruptcy

estate pursuant to 11 U.S.C. § 541, (2) compelling the Debtors to immediately turn over the Poinciana Commission and Geiger Commission to the Trustee, and (3) if and when the Holdings Property is sold, compelling the Debtors to immediately turn over the commission to the Trustee.

WHEREFORE, Soneet Kapila, as Chapter 7 Trustee of the Bankruptcy Estate of Michael Petrusha and Tracey Petrusha, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) finding that the Poinciana Commission, Geiger Commission, and Watersports Commission were earned before the Petition Date and therefore property of the estate; (4) directing the Debtors and/or their bankruptcy counsel to immediately turn over the Poinciana Commission and Geiger Commission to the Trustee; (5) if and when the Holdings Property is sold the Debtors and/or the closing agent are directed to immediately turn over the commission to the Trustee; (6) granting such other and further relief as this Court deems just and proper.

Dated:  August 2, 2021                    Respectfully Submitted,

                                           Markowitz Ringel Trusty & Hartog, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, Florida  33156
Tel. (305) 670-5000 //  Fax. (305) 670-5011

By: /s/ *John H. Lee*
    John H. Lee, Esq.
    Florida Bar No. 91795
    jlee@mrthlaw.com